IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SHAYNE GRANTHAM                                                                                           PLAINTIFF

vs.                                          Civil No. 6:16-cv-06040

NANCY A. BERRYHILL                                                                                       DEFENDANT
Acting Commissioner, Social Security Administration

## MEMORANDUM OPINION

Shayne Grantham ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed his SSI application on March 13, 2013. (Tr. 12, 140-141). In this application, Plaintiff alleges being disabled due to COPD, generalized weakness, and asthma. (Tr. 159). Plaintiff alleges an onset date of November 1, 2011. (Tr. 12). This application was denied initially and again upon reconsideration. (Tr. 53-67).

Plaintiff requested an administrative hearing on his application. (Tr. 93-95). This request was granted, and Plaintiff's administrative hearing was held on July 8, 2014 in Hot Springs, Arkansas. (Tr. 28-52). At this hearing, Plaintiff was present and was represented by counsel,

1

Shannon Muse Carroll. *Id.* Plaintiff, Vocational Expert ("VE") Mach Welch, and a witness for Plaintiff testified at this hearing. *Id.* During this hearing, Plaintiff testified he was forty-one (41) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c). (Tr. 32). As for his education, Plaintiff testified he had graduated from high school. (Tr. 32).

On January 26, 2015, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 9-23). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 13, 2013, his application date. (Tr. 14, Finding 1). The ALJ determined Plaintiff has the following severe impairments: organic mental disorder, goiter, COPD, patellofemoral degenerative joint disease, lateral patellar subluxation, and obesity. (Tr. 14-15, Finding 2). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15-17, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 17-21, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except no exposure to respiratory irritants such as dust, fumes, and gasses; is limited to work where interpersonal contact is limited (i.e. work requiring little interaction such as answering simple questions, responding appropriately to supervisors and coworkers, and interaction with the public is infrequent and not considered essential to the job); supervision required is simple, direct and concrete; and judgment within limits with few variables.

*Id.*

Considering his RFC, the ALJ determined Plaintiff did not retain the capacity to perform any of his PRW. (Tr. 21-22, Finding 5). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 22-23, Finding 9). The VE testified at the administrative hearing regarding this issue. (Tr. 22-23). Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the requirements of representative occupations such as table worker (sedentary, unskilled) with 454,010 such jobs in the nation and 5,980 such jobs in Arkansas. (Tr. 23). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from March 13, 2013 (application date) through January 26, 2015 (ALJ's decision date). (Tr. 23, Finding 10).

Plaintiff sought review with the Appeals Council. (Tr. 4). On April 5, 2016, the Appeals Council denied his request for review. (Tr. 1-3). On May 2, 2016, Plaintiff filed his Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 8, 12-14. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

3

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In his appeal brief, Plaintiff claims the following: (A) the ALJ improperly determined his impairments did not meet the requirements of Listings 12.02, 12.03, and 12.04; and (B) the ALJ improperly determined his knee impairment did not meet the requirements of Listing 1.02(a). ECF No. 12 at 3-16. The Court will consider each of both of these arguments.

   A.   **Listings 12.02, 12.03, and 12.04**

Plaintiff claims his impairments meet the requirements of Listings 12.02, 12.03, and 12.04. ECF No. 12 at 3-13. Plaintiff has the burden of demonstrating his impairments meet *all* the requirements of a given Listing. *See Cox,* 160 F.3d at 1206. Upon review of Plaintiff's argument in this matter, the Court finds Plaintiff has not met his burden of demonstrating his impairments meet the requirements of any of these Listings.

Listing 12.02 applies to "neurocognitive disorders," Listing 12.03 applies to "schizophrenic, paranoid, and other psychotic disorders," and Listing 12.04 applies to "depressive, bipolar, and related disorders." In the present action, Plaintiff has not specifically demonstrated how he meets the requirements of any of these three Listings. Instead, Plaintiff broadly claims his impairments meet the requirements of these Listings. For instance, Listing 12.02 requires "[m]edical documentation of a significant cognitive decline from the prior level of functioning in one or more

5

of the cognitive areas: (1) complex attention; (2) executive function; (3) learning and memory; (4) language; (5) perceptual-motor; or (6) social cognition." To meet the requirements of this Listing, Plaintiff *must also* demonstrate an "extreme" limitation in one or a "marked" limitation in two of the following: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. Here, Plaintiff has not demonstrated *which specific* requirements his impairments meet. ECF No. 12 at 3-13.

Without more, the Court simply cannot find Plaintiff has met his burden of demonstrating his impairments meet the requirements of Listings 12.02, 12.03, and 12.04. Thus, the Court will not address this issue further. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that the ALJ failed to consider whether claimant met the listings because the claimant provided no analysis of relevant facts or law regarding the listings).

**B.      Listing 1.02(a)**

Plaintiff claims his impairment meet the requirements of Listing 1.02 (Major dysfunction of a joint). ECF No. 12 at 13-16. Again, Plaintiff has the burden of demonstrating his impairments meet *all* the requirements of a given Listing. *See Cox,* 160 F.3d at 1206. Upon review of Plaintiff's argument in this matter, the Court finds Plaintiff has not met his burden on this issue.

Indeed, Listing 1.02 requires a "gross anatomical deformity." In the present action, Plaintiff has not specifically demonstrated how he suffers from such a deformity. Instead, Plaintiff again makes broad allegations to support his claims. Without more, the Court simply cannot find Plaintiff has met his burden of demonstrating his impairments meet the requirements of either Listing 1.02. Thus, the Court will again not address this issue further. *See Vandenboom,* 421 F.3d at 750.

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 10th day of April 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE